LEOPOLDO SANTIAGO CARMONA, Plaintiff and Appellant, *v.* EUGENIO MÉNDEZ, ET AL., Defendants and Appellees.

No. 7502. Argued June 24, 1937.—Decided November 12, 1937.

*L. Santiago Carmona* by his own right. *Miguel Guerra Mondragón, R. Rivera Zayas, Rafael Baragaño, Luis Venegas Cortés,* and *Rogelio Fernández Garzot* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a suit for injunction to recover possession which was decided against the plaintiff.

The complaint was filed on November 13, 1935, and it was alleged therein, that the plaintiff was the owner and had been in possession since 1927 of three rural properties, one of one hundred acres (*cuerdas*), another of one hundred and fifty-eight acres and another of eighty-eight acres which are designated with the letters (A), (B), (C), the first two being situated in the Wards of Cubuy and Hato Puerco of Loíza and the last one in the Ward of Guzmán Arriba of Río Grande; that on the previous day, that is, on November 12, 1935, the defendants Eugenio Méndez, Bartolo Peraza, and Alberto Nadal personally and by means of a group of workmen and foremen violently entered the said properties against the will of the owner and possessor, taking possession of a parcel of one acre of property (A), and of another parcel of twenty five acres of property (B), and all of property (C), and that in spite of his repeated efforts for them to vacate the property, they have refused to do so.

On the 22nd of the same month of November 1935, the defendants filed their answer. Briefly, they denied having performed the acts of violence with which the plaintiff charges them or that they were in possession of any part of properties (A) and (B), and further denied that the plaintiff was the owner or had possession of property (C) and

admitted that they were in possession of said property as follows:

: "The defendants admit that they are now in possession of the property designated with the letter (C) and have occupied the same since 1918, when one of the defendants herein, Bartolo Peraza, as keeper of the National Forest of Luquillo and as representative of the United States of America took possession of said property which had been surveyed since 1912 to 1914 by the engineer Mr. Nin, who placed cement piles in the boundary lines. The defendants claim that the possession of said parcel is exercised in representation of the United States of America and not in their personal character, said defendants being employees of the United States of America. The defendants admit that they have exercised and exercise acts of ownership on said property (C) but they reiterate that said acts have been performed in representation of and at the instance of the sovereign government of the United States of America, who is in possession of this property by its own right and by that of its procedessor the Government of Spain, since time immemorial and especially during during the year preceding the filing of this complaint.

"The defendants allege in answer to the allegations of the complaint that the possession of the property denominated with the letter (C) is at present and has always been open, peaceful, and without interruption since time immemorial in representation of the United States of America and as part of the possession and enjoyment of the Federal Forest at Luquillo, and specially a parcel of 305.45 acres denominated as 16–L in the official plan of Luquillo made on or about the year 1914."

As special defenses they pleaded the lack of jurisdiction of the district court as the possession of land belonging to the United States of America was concerned, and the estoppel of the plaintiff to exercise this action, as he had acknowledged that property (C) was federal property.

The case went to trial and the court decided it in the manner in which we have stated. From the statement of the case and opinion which served as basis for its judgment we copy the following:

"From the evidence it appears that the defendants . . . . have performed work on said parcel (C) which bounds with a property

of the plaintiff, there being between the boundary of said parcel and that of the property of the plaintiff, certain cement piles which hold signs that indicate that the land in question, which is parcel (C) is part of the National Forest of Luquillo. . . .

"As to the parcels described under letters (A) and ·(B), no evidence was offered by the plaintiff, and hence the allegations of the complaint as to these parcels were not proved."

In the judgment it was declared "the complaint is dismissed, without special award of. costs as the defendants have waived them."

The plaintiff felt aggrieved and took an appeal to this Court. In his brief he makes four assignments of error.

By the first assignment he claims that the denials in the answer constituted admissions. He cites the cases of *Marrero* v. *Mas,* 48 P.R.R. 512; *Somonte* v. *Mimoso,* 27 P.R.R. 368; *Mazarredo* v. *Echevarría et al.,* 32 P.R.R. 464; *Guzmán* v. *American Railroad Co.,* 29 P.R.R. 375, but he does not argue his contention.

It will be sufficient to say that we do not agree. The answer in our opinion is sufficient, as it appears from the summary which we have made of the same.

By the second assignment it is maintained that the court acted against the law and the jurisprudence by deciding the question of title in a case of this nature.

We agree that in a case like the present one only the question of possession can be decided, but we do not think that the court went beyond the limits of this proceeding. The concepts of owner and possessor are so closely united that any independent expression which may be found in the opinion of the court, is not sufficient to charge it with error. The appellant himself in his complaint begins by stating that he is the "owner" and "possessor" of the properties in question. The true facts impose themselves. And here the truth is that the plaintiff claims that he was in possession as owner and that the defendants in turn maintain to be in possession in representation of the true owner of the property, the People of the United States of America. But this

does not mean that the fact of possession must be decided—nor is there any reason in the record to show that it was decided in this specific case—by the better right to possession of one or the other party. It is the actual possession during the year preceding the filing of the complaint which must be decided and which once decided must be protected by the judgment. And this is what the district court did. The error assigned has not been proved.

The third assignment is as follows:

"It was committed by the court *a quo* by deciding that as a tort had been committed by employees of the federal government, it was not a case for the District Court of San Juan to intervene."

The District Court did not decide that the defendants had committed any tort, and even though in its opinion it made reference to the nature of the possession of the defendants of parcel (C) and referred to the question of jurisdiction raised, its judgment dismissed the complaint, that is, it decided the suit definitely and its decision supports itself, as we shall immediately see, by studying and deciding the fourth and last assignment of error.

By the latter the appellant maintains that the court did not weigh the evidence properly. When the case was called for trial several witnesses testified for the plaintiff and several for the defendants. Subsequently an ocular inspection was requested and ordered. This was not made "due to the impossibility of taking the judge .... due to .... the rains and bad roads" and it was agreed instead "that additional proof of possession would be offered", and it was so done on December 6, 1936.

The greater part of the testimony is confusing and that offered by one and the other party are contradictory. Although some reference appears to be made to parcels (A) and (B), by the evidence of the plaintiff, it is so vague that it can be very well concluded, as the lower court did, that the plaintiff did not prove his allegations concerning the

same. The complaint was drafted hastily, the plaintiff basing himself for certain in the information given to him by his employees, as it appears from his own testimony at the trial that he did not go on his properties until one or two days later. The dispute is limited to property (C); and for the purpose of fixing the scope of the evidence offered as to the same we refer to two contradictory declarations.

Flor Pereira, witness for the plaintiff, testified:

"That his name was Flor Pereira and that he lived in Canóvanas; that he knew Leopoldo Santiago Carmona, as the latter was his foreman of the Cubuy property; he refers to all the land he has there as far as Hato Puerco; that he had charge of all the properties; that there is one at Río Grande, he knows that once he filed a complaint against certain persons who were stealing wood, or performing an illegal act within the property at Río Grande; . . . that the municipal judge went to see the property so as to make an ocular inspection; that he was on the property and can point out the place where the ocular inspection was made; that it in the property at Río Grande in the Ward of Palmera, also known as the Ward of Guzmán Arriba; he knows where the laborers of the Government are weeding and that the property where they are weeding belongs to Leopoldo Santiago Carmona; that Leopoldo Santiago Carmona has possession of said property; that the place where the ocular inspection was made is within said property, that is, of the property where the weeding is done; . . . that he knows that by the north it bounds with Antonio Betancourt, by the south with Rexach and that by the east it bounds with Leopoldo Santiago Carmona; . . . that it has coffee, bananas, malangas, majagua and that there are plantations of coffee trees; that there are the following coffee plantations: Guavas, Las Abejas, El Bartolo, El Corcho; that the plaintiff Leopoldo Santiago Carmona is in possession of said property; that since 1932 he has been employed by the plaintiff in charge of the property, after the San Ciprián Hurricane; that during said years he collected the crops of said property; that the crop of last year was collected by Santiago Carmona; that he sold the coffee to Nicasio Betancourt; that Bartolo Peraza, during the year has not been on the property; that he gathered the coffee publicly; . . . that it has been about five months since he was foreman; that all the time that he was there he was enjoying the property; that he did not ask permission from any person to collect or to take what was on said property; . . ."

And George Gerhart, a witness for the defendants, testified:

"That he was graduated from a forest school of Pennsylvania; . . . that at present he is Assistant-Supervisor of the National Forest of Puerto Rico; that he has been in Puerto Rico for more than seven years; . . . he knows the lands described by the plaintiff in the complaint; that the boundaries are by the North; . . . with Betancourt; by the East, with the Federal Government and by the South, with Francisco Rivera, according to the plan, and now with Rexach Hermanos, and by the West, Santiago Carmona (whilst he is mentioning the boundaries he is looking at a plan in his hands). He states that said property has 88 acres and that he is familiar with parcel 16–L to which several witnesses of the plaintiff have referred to; that the federal government has been in possession of that parcel 16–L during the past years which include the parcel of 88 acres, parcel (C), described in the complaint; that he is very certain that the federal government has been in possession of said parcel because he has been there many times during the past years, and several times during the last year, and that there you can see the boundary, a ditch very clear of five meters clean, and furthermore, where the municipal road enters the property, there are signs on the trees and those signs are here; that the last time he was there was on Saturday; that the keeper Bartolo and the United States District Attorney Ortiz Toro were there; that on the property of 88 acres there are several signs; that he took off that one (pointing) from a tree on Saturday in the presence of Ortiz Toro; that that one is on the boundary with parcel 16–L, which borders on the north with Pedro Betancourt; . . . that he took the signs at the boundary of the parcel of 88 *cuerdas;* that the engineers opened a ditch of 5 meters between the parcel of 88 *cuerdas* and the plaintiff; that the ditch is quiet visible, and that he also took out several stumps which had been cut there previously; . . .

" . . . that the nature of the land of 88 acres . . . is mountainous and full of weeds, of no value, he would not say that it is a coffee plantation; . . . that no coffee has been planted there, that he is sure of this; that the coffee that there is there is wild. . .

" . . . that there is no cultivation on said land, that there are no arums nor yams (*yautía*); that during the past years no one has been permitted to go on said property, that the Federal Government was in possession during the past year;

" . . . The Federal Government is not in possession of properties (A) and (B), never had possession of them; that between the properties which he admits belong to Santiago Carmona, and the 88 acres there is a great diference, because the latter are under cultivation and are properties which have yams *yautías,* arums malangas, coffee and bananas, and the other only has weeds; . . ."

The evidence, then, was contradictory. The plaintiff and his witnesses testified under oath that they were in possession of a certain property and that the defendants had deprived him of said possession by violence. The latter and their witnesses testified under oath that they did not deprive the plaintiff of possession of any property and that the actual possession in dispute had been for years, and was at present in the United States of America. The court gave credit to the evidence of the defendants and as it has not been shown that it acted moved by bias, prejudice or partiality or that it committed manifest error, and said evidence is sufficient, there is no ground to reverse its decision, and there is no necessity to consider and decide whether or not the defendants acted as employees of the United States, it being sufficient to base the dismissal of the complaint on that the plaintiff failed to give satisfactory proof of his possession of the parcels described in the same, during the year preceding the filing of the complaint.

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.